N Jane DuBovy CSB#98817
Mandy S. L. Favaloro, CSB#239482
A2Z Educational Advocates
881 Alma Real Drive, Suite 309
Pacific Palisades, CA 90272
(310) 573-1430 Office
(310) 573 1425 Fax
njdubovy@a2zedad.com

Attorneys for Plaintiffs,
Rosario Espinoza and Juan Alvaro Salas

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT

| | |
|---|---|
| ROSARIO ESPINOZA, <br><br>and<br><br>JUAN ALVARO SALAS,<br><br>PLAINTIFFS,<br><br>v.<br><br>PALMDALE SCHOOL DISTRICT,<br><br>DEFENDANT. | Case No.: 2:20-CV-10427<br><br>COMPLAINT FOR ATTORNEY'S FEES AND COSTS [20 U.S.C. §1415] |

Plaintiffs Rosario Espinoza and Juan Alvaro Salas allege as follows:

1. This action arises under the IDEIA. This Court has jurisdiction of the matter under 20 U.S.C. §1415 and 28 U.S.C. §1331.  Pursuant to 20 U.S.C. §1415(i)(3)(A), the District Court's jurisdiction in this matter is without regard to the amount in controversy.  This is an action for reasonable attorney's fees and

1

costs to a prevailing party in an administrative due process hearing brought and decided pursuant to the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs achieved a judicially sanctioned material alteration of the parties' legal relationship at the administrative level and are, therefore, seeking fees under the statute.

2. Venue is proper is the United States District Court, Central District of California, as authorized by 28 U.S.C. §§1391 and 1392 because Plaintiffs and Defendant are located in this district and the claims arose in this district.

3. Plaintiffs have exhausted all required administrative remedies in this matter by pursuing a due process case under the California Office of Administrative Hearings on all claims related to the provision of a FAPE alleged herein under OAH Case No. 2020010500.

4. Plaintiffs in this proceeding are Rosario Espinoza and Juan Alvaro Salas, Parents of J.S.P., a minor child who resides with Parents. At all times relating to this matter Plaintiffs have resided in Palmdale, California, within the boundaries of Defendant, PALMDALE SCHOOL DISTRICT ("PSD" or "District"). Parents are responsible for the care, custody and control of J.S.P., a minor child with a disability.

5. Defendant PSD a public school district duly organized and existing pursuant to the laws of the State of California, is located in Los Angeles County, California,

and is a Local Education Agency ("LEA") within the meaning of the IDEA. The District is a recipient of federal financial assistance for purposes of the IDEA and Section 504, and is a "public entity" for purposes of the A.D.A. At all times relevant, PSD was and is the LEA responsible for providing to J.S.P. a Free and Appropriate Public Education ("FAPE") within the meaning of the IDEA. PSD is governed by the laws of the State of California, the laws of the United States, and the Constitution of the United States in carrying out its duties and responsibilities.

6. On January 15, 2020, Plaintiffs, filed a request for a Due Process Hearing with the Office of Administrative Hearings ("OAH") case number 2020010500.

7. On August 19, 2020, the Parties reached a Final Settlement Agreement and General Release ("Settlement Agreement") that provided that the Parties stipulated that the terms of the agreement materially altered the legal relationship between the Parties. The Parties further stipulated "for OAH to issue a Decision by Settlement and that a copy of [the] Agreement shall be forwarded to OAH. The Parties stipulate[d] that they [would] request OAH to document the stipulated issues" in the matter as outlined in the Agreement, as well as "the agreed-upon terms of [the] Agreement in the Decision by Settlement." The Parties further stipulated that "the terms of [the] Agreement materially altered the legal relationship between the parties shall be included in the Decision by Settlement."

8. The Settlement Agreement further provided that:

> The District agrees to pay reasonable attorney's fees to resolve all claims as to attorney's fees for this matter. The District agrees to pay such amount to A2Z Educational Advocates for Family's attorney's fees in this matter. Should the Parties fail to reach an agreement regarding payment of reasonably attorney's fees, the Parties agree that the federal District Court for the Central District of California will retain jurisdiction over the issue of attorney's fees and the enforcement of this Agreement. The district agrees not to oppose the jurisdiction of the court to hear any fees motion by Parents, Student, or their attorneys.

9.  On August 19, 2020, the Parties jointly filed the fully executed Settlement Agreement with the Office of Administrative Hearings and requested a Decision by Settlement. The Decision was entered on the record orally on August 19, 2020.

10. On August 23, 2020, Plaintiffs' attorney provided Defendant's attorney with a final billing statement in the matter in the amount of $62,284 and made a demand for full payment of the outstanding fees by September 24, 2020. Plaintiffs' attorney noted that if the fees were not paid in full that Plaintiffs would file an action in the District Court pursuant to the Settlement Agreement and seek the outstanding fees as well as fees connected with the filing of such an action. To date there has been no response from the Defendant or their attorney.

11. On October 16, 2020, OAH issued a Decision by Settlement which incorporated the August 19, 2020 Settlement Agreement pursuant to regulations adopted by the California Department of Education which provides that "a decision by settlement may be issued on terms the parties determine are appropriate so long as the agreed-upon terms are not contrary to the law." 5 C.C.R. §3087. The ALJ

found that the Final Settlement Agreement and General Release "[did] not contain any term that is contrary to the law" and ordered that the "Decision by Settlement set forth above resolves the parties' dispute."

12. Plaintiffs now seek payment of their reasonable attorneys' fees and costs incurred in the preparation for the administrative hearing.

## FIRST CLAIM FOR RELIEF

For Payment of Reasonable Attorneys' fees and Costs
Pursuant to 20 U.S.C. §1415

13. Plaintiffs incorporate by reference each and every allegation of Paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14. Plaintiffs incurred attorneys' fees and costs in the underlying administrative due process case. The Decision by Settlement judicially sanctioned the material change in the Parties' legal relationship conferring prevailing party status on Plaintiffs, and as such, Plaintiffs are entitled to payment of their reasonable attorneys' fees and costs incurred in the prosecution of that matter.

15. Plaintiffs' fees have not been paid by Defendant, despite the presentation of a fee bill to Defendant by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS PRAY THAT:

16. Defendant be ordered to pay Plaintiffs the reasonable attorneys' fees and costs they have incurred in the prosecution of the due process case in the amount of

5

$62,284;

17. Defendant be ordered to pay reasonable attorneys' fees and costs to Plaintiffs for the preparation, filing, and prosecution of this matter; and

18. For all other orders the Court deems proper.

Dated: November 13, 2020

By: /S _____
N Jane DuBovy
Mandy Favaloro
A2Z Educational Advocates
Attorneys for Petitioner